IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| AMERICAN CONTRACTORS INDEMNITY COMPANY D/B/A TEXAS BONDING COMPANY<br>*Plaintiff,*<br><br>v.<br><br>EMMA JEAN FREEMAN, INDIVIDUALLY AND D/B/A JF CONSTRUCTION MANAGEMENT GROUP,<br>*Defendants.* | CIVIL NO. 6:21-CV-00115-ADA |

## AMENDED ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Plaintiff's Motion for Summary Judgment filed November 22, 2021. Dkt. No. 10.  On January 6, 2022, Plaintiff filed a Certificate of Service indicating that a copy of the Motion for Summary Judgment was mailed to Ms. Emma Freeman on November 29, 2021. Dkt. No. 11.  Ms. Emma Freeman received a copy of the Motion for Summary Judgment but filed no opposition or request for extension.

After having reviewed the parties' briefs, the evidence, and applicable law, the Court has determined that Plaintiff's Motion for Summary Judgment should be **GRANTED IN PART** and **DENIED IN PART.**  This Amended Order clarifies the Court's January 7, 2022 Order, which is now vacated.

### I.   UNCONTESTED FACTS

Plaintiff's unopposed summary of the facts is supported by the Declaration of James L. Nguyen (Dkt. No. 10 Exhibit A), a copy of the General Agreement of Indemnity (Dkt. No. 10,

1

Exhibit A-1), business transaction records (Dkt. No. 10, Exhibit A-2), and the Affidavit of Gregory M. Weinstein (Dkt. No. 10 Exhibit B).  Defendants executed a General Indemnity Agreement in favor the Surety, American Contractors Indemnity Company. Dkt. No. 10, Exhibit A-1.  Defendants agreed to indemnify the Surety for losses incurred under performance and payment bonds issued by the Surety on behalf of JF Construction Management Group. *Id.* §§ III-IX.  The General Indemnity Agreement further provides for interest at 10% per annum on any obligations. *Id.* § III.  The Plaintiff/Surety suffered losses totaling $235,102.62, which reduces to $223,346.99 after applying all offsets and credits.  Dkt. No. 10 ¶¶ 8-9; Dkt. No. 10 Exhibit A ¶ 9.  The Plaintiff/Surety also incurred attorneys' fees of $27,995 and court costs of $800.00.  Dkt. No. 10, Exhibit B ¶ 7.  Defendants failed to pay the Plaintiff according to the terms of the General Indemnity Agreement.  Dkt. No. 10 Exhibit A-1 ¶¶ 8-9.

## II.    LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014). A material fact is one that is likely to reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is not genuine if the trier of fact could not, after an examination of the record, rationally find for the non-moving party. *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once presented, a court must view the movant's evidence and all factual inferences from such evidence in a light most favorable to the party opposing summary judgment. *Impossible*

*Elecs. Techniques v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982). Accordingly, the simple fact that the court believes that the non-moving party will be unsuccessful at trial is insufficient reason to grant summary judgment in favor of the moving party. *Jones v. Geophysical Co.*, 669 F.2d 280, 283 (5th Cir. 1982). However, "[w]hen opposing parties tell two different stories, but one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380–81 (2007).

Once the court determines that the movant has presented sufficient evidence that no genuine dispute of material fact exists, the burden of production shifts to the party opposing summary judgment. *Matsushita*, 475 U.S. at 586. The non-moving party must demonstrate a genuinely disputed fact by citing to parts of materials in the record, such as affidavits, declarations, stipulations, admissions, interrogatory answers, or other materials; or by showing that the materials cited by the movant do not establish the absence of a genuine dispute. FED. R. CIV. P. 56(C)(1)(A)–(B). "Conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." *Duffy v. Leading Edge Prods.*, 44 F.3d 308, 312 (5th Cir. 1995). Moreover, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v.* Barr, 19 F.3d 1527, 1533 (5th Cir. 1994). After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted. *See* FED. R. CIV. P. 56; *Matsushita*, 475 U.S. at 586.

### III.   ANALYSIS

For the unopposed reasons stated in Plaintiff Motion for Summary Judgment, in view of the uncontroverted evidence recited above, the Court finds Defendant breached the General

Indemnity Agreement causing damages in the amount of $223,346.99, attorneys' fees of $27,995 and court costs of $800.00.

When viewed in the light most favorable to the non-moving party, speculative attorney estimates for future work of unknown duration and scope, without more, do not warrant summary judgment. A reasonable jury may disagree with Mr. Weinstein's future fee estimates.

## IV.   CONCLUSION

Based on the foregoing, Plaintiff's Motion for Summary Judgment is **GRANTED** with respect to Plaintiff's requests for relief (a)-(c) and (f)-(g):

(a) $223,346.99 for the loss incurred under the Bonds after credits and offsets;

(b) $27,995.00 in reasonable attorneys' fees;

(c) $800.00 in court costs;

(f) Prejudgment interest at six percent (6%) per annum until the date of final judgment; andp

(g) Post-judgment interest at ten percent (10%) per annum until paid.

Plaintiff's Motion for Summary Judgment is **DENIED** with respect to requests for relief (d) and (e):

(d) Estimated attorneys' fees if this case is appealed to the United States Court of Appeals; and

(e) Estimated attorneys' fees if a petition for writ of certiorari is filed with the Supreme Court.

**SIGNED** this 1st day of February 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE